# Supreme Court of Florida

———————

No. SC2023-1412

———————

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR - CONTINUING LEGAL EDUCATION.**

February 29, 2024
**<u>CORRECTED OPINION</u>**

PER CURIAM.

We recently amended Rule Regulating The Florida Bar 6-10.3 (Minimum Continuing Legal Education Standards) to reduce the minimum number of continuing legal education credit hours required for Bar members from 33 to 30 and to require all members to complete a two-credit hour Florida Legal Professionalism course. *In re Code for Resolving Professionalism Referrals and Amends. to Rule Regulating Fla. Bar 6-10.3*, 367 So. 3d 1184 (Fla. 2023). To bring other rules into alignment with those amendments, the Bar has filed a petition proposing amendments to 1-3.7 (Reinstatement to Membership), 6-10.3 (Minimum Continuing Legal Education Standards), 6-12.3 (Requirement), 6-12.4 (Deferment and

Exemption), 20-6.1 (Generally), and 21-3.1 (Continuing Legal Education).[1]

The Florida Bar's Board of Governors approved the proposed amendments, and the Bar published the proposed amendments for comment on its website.[2] No comments were received.

Having considered the Bar's petition, we amend the Rules Regulating The Florida Bar as proposed by the Bar. Throughout these rules, the references to 33 credit hours are amended to 30 credit hours. Additionally, any references to 11 or 22 credit hours, which were proportionately tied to the former 33-credit hour requirement, are reduced accordingly. Grammatical changes are also made to improve clarity and promote consistency throughout the Bar Rules.

Accordingly, we amend the Rules Regulating The Florida Bar as reflected in the appendix to this opinion. New language is

---

1. We have jurisdiction. *See* art. V, § 15, Fla. Const.; R. Regulating Fla. Bar 1-12.1.

2. The Bar published the proposed amendments for comment in the online version rather than the print version of *The Florida Bar News* to expedite the filing of this petition because the Court's amendments to rule 6-10.3 became effective January 8, 2024.

indicated by underscoring; deletions are indicated by struck-through type. The amendments are effective as of January 8, 2024.

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., concurs in part and dissents in part with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, J., concurring in part and dissenting in part.

In almost all respects, I concur with today's amendments to the Rules Regulating The Florida Bar. However, consistent with my dissent to the removal of "fairness and diversity" from the list of permissible topics for continuing judicial education ethics courses,[3] I dissent to the removal of "bias elimination" from the list of continuing legal education topics authorized under amended rule 21-3.1(d).

Original Proceeding – Florida Rules Regulating The Florida Bar

Joshua E. Doyle, Executive Director, F. Scott Westheimer, President, Roland Sanchez-Medina, Jr., President-elect, and Elizabeth Clark Tarbert, Division Director, Lawyer Regulation,

---

3. *See In re Amends. to Fla. Rule of Gen. Prac. & Jud. Admin. 2.320*, 356 So. 3d 766, 769 (Fla. 2023) (Labarga, J., dissenting).

The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 1-3.7.  REINSTATEMENT TO MEMBERSHIP

**(a)  Eligibility for Reinstatement.**  Members who have retired or been delinquent for ~~a period of time not in excess of~~less than 5 years are eligible for reinstatement under this rule.  Time will be calculated from the ~~day~~date of the retirement or delinquency.

Inactive members may also seek reinstatement under this rule.

**(b)**  [No Change]

**(c)  Members Who Have Retired or Been Delinquent for Less Than 5 Years, But More Than 3 Years.**  Members who have retired or been delinquent for less than 5 years, but more than 3 years, must complete ~~11~~10 hours of continuing legal education courses for each year or portion of a year that the member had retired or was deemed delinquent.

**(d)  Members Who Have Retired or Been Delinquent for 5 Years or More.**  Members who have retired or have been deemed delinquent for ~~a period of~~ 5 years or ~~longer~~more will not be reinstated under this rule and must be readmitted ~~upon~~ application to the Florida Board of Bar Examiners and approval by the Supreme Court of Florida.

**(e) – (f)**  [No Change]

**(g)  Inactive Members.**  Inactive members may be reinstated to active membership in good standing ~~to~~and become eligible to practice law in Florida by petition filed with the executive director~~,~~ in the form and as provided in (b) ~~above, except~~subject to the following conditions:

    (1)  If the member has been inactive for ~~greater~~more than 5 years, has been authorized to practice law in another jurisdiction, and either actively practiced law in that jurisdiction or held a position that requires a license as a lawyer for the entire period of time, the member will be required to complete

the Florida Law Update continuing legal education course as part of continuing legal education requirements.

(2)  If the member has been inactive for ~~greater~~more than 5 years and does not meet the requirements of subdivision (1), the member will be required to complete the basic skills course requirement and the 3~~3~~0-hour continuing legal education requirement.

(3)  [No Change]


## RULE 6-10.3.  MINIMUM CONTINUING LEGAL EDUCATION STANDARDS

**(a)**  [No Change]

**(b)  Minimum Hourly Continuing Legal Education Requirements.**  Every member must complete a minimum of 30 credit hours of approved continuing legal education activity every 3 years. At least 3 of the 30 credit hours must be in approved technology ~~programs~~courses. At least 5 of the 30 credit hours must be in approved legal ethics, professionalism, substance abuse, or mental health and wellness ~~programs~~courses; as part of the 5 credit hours, each member must complete, during each reporting cycle, the 2-credit hour Florida Legal Professionalism course produced by The Florida Bar and approved by the Supreme Court of Florida. <u>Completion of the basic skills course that is certified as including the curriculum of the court-approved Florida Legal Professionalism course complies with the 2-credit hour professionalism requirement.</u> If a member completes more than 30 credit hours during any reporting cycle, the excess credits cannot be carried over to the next reporting cycle.

**(c)  Exemptions.**  ~~Eligibility for an exemption, under policies adopted under this rule, is available for:~~

<u>(1) Automatic Exemption.  The following are automatically exempt from continuing legal education requirements without application:</u>

(A)  members of the full-time federal judiciary who are prohibited from engaging in the private practice of law;

(B)  justices of the Supreme Court of Florida; judges of the district courts of appeal, circuit courts, and county courts; and other judicial officers and employees as designated by the Supreme Court of Florida; and

(C)  inactive Florida Bar members.

(2) Application for Exemption.  A Florida Bar member may apply for and be granted an exemption from compliance and reporting of continuing legal education for:

(1A)  active military service;

(2B)  undue hardship; or

(3C)  nonresident membersresiding outside the state of Florida and not delivering legal services or advice on matters or issues governed by Florida law while a nonresident;

(4)  members of the full-time federal judiciary who are prohibited from engaging in the private practice of law;

(5)  justices of the Supreme Court of Florida and judges of the district courts of appeal, circuit courts, and county courts, and other judicial officers and employees as designated by the Supreme Court of Florida; and,

(6)  inactive members of The Florida Bar.

**(d) – (f)**  [No Change]

**(g)  Skills Training Preadmission.**  The board of legal specialization and education may approve for CLER credit a basic skillsbasic-skills or entry levelentry-level training programcourse developed and presented by a governmental entity for continuing legal education requirement credit. Credit earned through attendance at an approved course developed and presented by a governmental entity is applicable under subdivision (b) of this rule if

taken within 12 months ~~prior to~~before admission to The Florida Bar.

## RULE 6-12.3.  REQUIREMENT

**(a)  Course Components.**  Compliance with ~~BSCR~~the basic skills course requirement includes:

(1)  completion of a Practicing with Professionalism ~~program~~course sponsored by the ~~YLD~~Young Lawyers Division, which must include the curriculum of the 2-credit hour Florida Legal Professionalism course required by rule 6-10.3(b); and

(2)  completion of ~~3 elective, basic,~~21 credit hours of Young Lawyers Division-sponsored substantive, basic-level continuing legal education ~~programs~~courses ~~sponsored by the YLD~~.

**(b)  Time for Completion.**  ~~BSCR~~The basic skills course requirement must be completed as follows:

(1)  ~~the~~The Practicing with Professionalism ~~program~~course must be completed no sooner than 12 months ~~prior to~~before or no later than 12 months ~~following~~after Florida Bar admission ~~to The Florida Bar~~; and

(2)  ~~the~~The ~~3 elective, basic,~~21 credit hours of substantive, basic-level continuing legal education ~~programs~~courses must be completed during the member's initial 3-year continuing legal education requirement reporting cycle assigned on Florida Bar admission ~~to The Florida Bar~~.

## RULE 6-12.4.  DEFERMENT AND EXEMPTION

**(a)  Deferment of Practicing with Professionalism Requirement.**

(1)  *Deferment Eligibility.*  A Florida Bar member ~~of The Florida Bar~~ is eligible to defer ~~compliance with the requirements of rule 6-12.3(a)(1)~~completion of the Practicing with Professionalism course if:

(A)-(B)  [No change]

(C)  the member is a nonresident member ~~whose primary office is outside the state of Florida~~who does not deliver legal services or advice on matters or issues governed by Florida law; or

(D)  [No change]

(2)  *Deferment Expiration.*  A deferment of the ~~requirements of rule 6-12.3(a)(1)~~Practicing with Professionalism course as provided under this rule expires when the Florida Bar member is no longer eligible for deferment. On expiration, a Florida Bar member must:

(A)  [No change]

(B)  attend the Practicing with Professionalism ~~program~~course within 12 months of deferment expiration.

**(b)  Deferment of Substantive Basic ~~Level YLD Courses~~Skills Course Requirement.**

(1)  *Deferment Eligibility.*  A Florida Bar member ~~of The Florida Bar~~ is eligible to defer ~~compliance with the requirements of rule 6-12.3(a)(2)~~completion of the substantive basic skills course requirement if:

(A)-(B) [No change]

(C)  the member is a nonresident member ~~whose primary office is outside the state of Florida~~who does not deliver legal services or advice on matters or issues governed by Florida law;

(D)-(E)  [No change]

(2)  *Deferment Expiration.*  An undue hardship deferment for the basic skills course requirement remains in effect for no more than 1 reporting cycle. A deferment of the ~~requirements of rule 6-12.3(a)(2) as provided under this rule~~substantive basic skills course requirement for all other reasons expires when the member is no longer eligible for deferment. On expiration, a Florida Bar member must:

(A)  [No change]

(B)  complete ~~3 elective, basic,~~21 credit hours of substantive, basic-level continuing legal education ~~programs~~courses sponsored by the ~~YLD~~Young Lawyers Division within 24 months of deferment expiration.

## (c)  Exemption.

(1)  *Governmental Practice.*  The bar will grant an exemption from the ~~3 elective, basic,~~21 credit hours of substantive, basic-level continuing legal education ~~programs~~courses sponsored by the ~~YLD~~Young Lawyers Division required by rule 6-12.3(a)(2) if ~~a~~the member has been continuously engaged in the practice of law for a Florida or federal governmental entity as a full-time governmental employee for a period of at least 6 years.

(2)  *Foreign Practice.*  The bar will grant an exemption from the ~~3 elective, basic,~~ 21 credit hours of substantive, basic-level continuing legal education ~~programs~~courses sponsored by the ~~YLD~~Young Lawyers Division required by rule 6-12.3(a)(2) if a member has been continuously engaged in the practice of law (non-governmental) in a foreign jurisdiction for a period of 5 years, can demonstrate completion of 3~~3~~0 hours of approved continuing legal education within the immediate 3-year period, and can attest that the continuing legal education completed has reasonably prepared the member for the anticipated type of practice in Florida.

## RULE 20-6.1.  GENERALLY

Florida Registered Paralegals must complete a minimum of 3~~3~~0 hours of continuing education every 3 years, 5 hours of which must be in legal ethics or professionalism and 3 hours of which must be in technology. Acceptable courses include those approved for credit by The Florida Bar, the National Association of Legal Assistants (NALA), or the National Federation of Paralegal Associations (NFPA). A Florida Registered Paralegal who resigns or whose status has been revoked but is otherwise eligible for re-registration must complete at least 1~~1~~0 hours of continuing education for each year the Florida Registered Paralegal was previously registered in order

to be eligible for re-registration. The new registration will be revoked unless the continuing education hours are completed before the re-registration application and posted on The Florida Bar website within 30 days of the effective date of the re-registration. The Florida Registered Paralegal will be given a new 3-year continuing education cycle on re-registration.

## Comment

Continuing education is an important component of the Florida Registered Paralegal program and necessary to maintain the status of a Florida Registered Paralegal. If a Florida Registered Paralegal resigns or has had the paralegal's status revoked at the end of a continuing education cycle without completing the necessary hours, the paralegal must show that the paralegal has completed a minimum of 1~~1~~0 hours of continuing education for each year of the immediately preceding term that the paralegal was registered. For example, if the paralegal was registered for 2 years, the paralegal must complete at least 2~~2~~0 hours of continuing education in order to re-register. The courses must be completed prior to the date the paralegal reapplies for Florida Registered Paralegal status. As an example, assume that a Florida Registered Paralegal was given a continuing education cycle that ran from January 1, 2011, to January 1, 2014, and the Florida Registered Paralegal resigned or had the paralegal's status revoked in October 2013. If the paralegal reapplies for Florida Registered Paralegal status in February 2014, the paralegal must show 2~~2~~0 hours of continuing education credit completed between January 1, 2011, to January 1, 2014, to be eligible to re-register. Because a Florida Registered Paralegal must enter all course credits on The Florida Bar's website and access to the portion of the website where credits are posted is not available during the period the paralegal was not registered, the Florida Registered Paralegal will have 30 days after re-registration to enter the credits. Failure to timely enter the credits will result in the Florida Registered Paralegal's status being revoked. The Florida Registered Paralegal will be given a new continuing education cycle on re-registration. The purpose of this rule is to ensure that Florida Registered Paralegals continue their education. This is meant to avoid a situation where a Florida Registered Paralegal has not

completed the continuing education requirement, resigns, and then re-registers with a new 3-year cycle, having failed to complete the requisite hours when previously registered.

If a Florida Registered Paralegal resigns or has the paralegal's status revoked during the continuing education cycle, the cycle will not reset. For example, assume a Florida Registered Paralegal has a continuing education cycle beginning January 1, 2011, and ending January 1, 2014. The Florida Registered Paralegal's status is revoked in October 2012, for failure to pay the annual renewal. If the paralegal reapplies and is re-registered in December 2012, the continuing education cycle will remain the same, and the Florida Registered Paralegal will have until January 1, 2014, to complete the necessary hours.

## RULE 21-3.1.  CONTINUING LEGAL EDUCATION

**(a) – (b)** [No Change]

**(c) Florida Legal Professionalism Course.**  A lawyer certified to practice law in Florida as a military spouse must complete the 2-credit hour Florida Legal Professionalism Course required in rule 6-10.3(b) within 1 year after certification and must complete the current approved Florida Legal Professionalism Course within 3 years after certification.


**(e<u>d</u>)  Minimum Ongoing Requirement.**  A lawyer certified to practice law in Florida as a military spouse must complete 1<s>10</s> hours of continuing legal education during each year the authorization is renewed, including 1 hour of technology and 2 hours of legal ethics, professionalism, <s>bias elimination,</s> substance abuse, or mental health and wellness each year.